BEFORE THE FIRST DIVISION, SEPTEMBER 10, 1943

**No. 48752.**—Protests 88721–K, etc., of Ti Hang Lung & Co. (San Francisco).

COLE, Judge: These cases were consolidated for trial at the hearing in San Francisco on February 1, 1943. They are before us at this time, as the Division having jurisdiction of the subject matter, by order of the trial judge who heard the cases on circuit, to rule on a motion to dismiss made by defendant, because, as alleged, the protests were not filed within the time prescribed by statute.

It appears from the official record that the dates of filing the protests, and of liquidation and reliquidation of the entries, are as follows:

| Protest No. | Date of Filing | Entry | Date of Liquidation | Date of Reliquidation |
|---|---|---|---|---|
| 88721–K/73143 | 5/26/42 | B–1101 | 2/7/38 | 4/20/42 |
| 88740–K/73140 | 5/26/42 | B–6528 | 10/27/38 | 4/28/42 |

The liquidator testified that his reliquidations of the entries in question related only to the following items of merchandise:

| Protest No. | Entry | Merchandise |
| --- | --- | --- |
| 88721–K/73143 | B–1101 | 20 cases Mui Kwai Lo from Nos. 601/800 |
| 88740–K/73140 | B–6528 | 26 cases Mui Keai Lu from Nos. 281/320<br>31 cases Ng Ka Pay from Nos. 321/406<br>29 cases Ng Ka Pay from Nos. 407/455 |

The witness further stated the reason for such reliquidations was that the distilled spirits, represented by the above-numerated items, remained in warehouse on July 1, 1938, and therefore became subject to the internal revenue tax imposed under the provisions of the Revenue Act of 1938, effective on that date.

At the trial, plaintiff admitted that the protests under consideration are not directed against the merchandise, which formed the basis for the reliquidations referred to. Thus it follows that plaintiff's complaint is limited to the action taken at the time of the original liquidations of the entries.

Section 514 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1514), which permits importers to file protests, provides in substance that the decision of the collector, in classifying imported merchandise, shall be final and conclusive unless written protest is filed within 60 days after liquidation or reliquidation of the entry in question. The statute is specific in the limitation that "The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation."

The last sentence, quoted from section 514, *supra*, is a new provision, which was construed by the Court of Customs and Patent Appeals in *F. W. Woolworth Co.* v. *United States*, 26 C. C. P. A. 157, C. A. D. 10, the appellate court holding that this new legislation was not intended "to open up for protest, after the sixty days from the original liquidation had expired, questions which could have been protested within sixty days from the prior liquidation."

The uncontradicted testimony of the liquidator that he "did nothing at all to touch any of the items which had been previously liquidated, except those cases which are shown as having been changed, 20 cases on the one protest, and 86 cases on the other," coupled with the admission by plaintiff that its protests do not lodge against the reliquidations, very definitely fixes the statutory time, within which valid protest could be filed, under the rule announced in the *Woolworth* case, *supra*, to run from the dates of liquidation hereinabove set forth.

The development of testimony, fatal to plaintiff's case, was due very largely to the apparent desire on the part of counsel for plaintiff to furnish the court with facts evidently unknown to Government counsel during the early progress of the trial. Such conduct is highly commendable and the court is pleased to make special note of it herein.

Since neither of the protests was filed within 60 days from the date of liquidation, they are therefore untimely, and accordingly are dismissed. Judgment will be rendered accordingly.